■ NORA F. WARSHAW, Respondent-Appellant, v. BERNARD FEINSTEIN et al., Appellants-Respondents.— Order entered July 2, 1968, denying motion of plaintiff and cross motion of defendants for summary judgment, affirmed, without costs or disbursements. Open questions are apparent both as to the existence and viability of the alleged trust and the validity of the alleged assignment. We cannot dismiss out of hand the contentions of the defendants that the alleged trust was not an actual one, that *ab initio* it was ignored by all of the parties, and that upon the death of the settlor in 1940 and the sale of all

the assets the proceeds were turned over to his widow, and not the beneficiaries, as provided for in the 1937 agreement, resulting in a *de facto* dissolution of the trust, if one ever truly eixsted. The letter of the defendant Bernard Feinstein, written in 1966, 29 years after the 1937 agreement, cannot be accepted as conclusive evidence on which to sustain a finding that a trust existed and still endures. Similarly, the alleged assignment, not unambiguous in its terms, has been challenged as fraudulent. There being critical and unresolved issues pertaining to both causes of action, Special Term was correct in disallowing summary judgment. (*Glick & Dolleck* v. *Tri-Pack Export Corp.*, 22 N Y 2d 439; *Falk* v. *Goodman*, 7 N Y 2d 87, 91; *Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 404.) Accordingly, the matter is remanded to Trial Term, first for a primary determination of the question as to whether there had been created a valid *inter vivos* trust and if there was the period of time it continued, following a resolution of which the court may then proceed, without a reference, to take evidence bearing upon the accounting issues, including the issue of the assignment, all of which should be submitted to the trial process. Concur — Stevens, P. J., Eager and McGivern, JJ.; McNally, J., dissents in the following memorandum: In this action for an accounting and other relief, I would modify the order denying plaintiff's motion for summary judgment to the extent of directing an accounting wherein all the issues in respect of the amended complaint and the answer may be resolved. The letter of defendant Feinstein, an attorney, dated March 8, 1966 is an unequivocal acknowledgement of an existing trust and the duty to account therefor. The allegations and issues of the amended complaint and the answer arise from and are connected with the trust estate and properly matters to be passed on in the accounting.